**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CONTINENTAL CIRCUITS LLC and CONTINENTAL CIRCUITS OF TEXAS LLC,<br><br>     *Plaintiff,*<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR, LLC,<br><br>     *Defendants*. | CASE NO. 2:21-cv-00188-JRG-RSP |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., AND SAMSUNG AUSTIN
SEMICONDUCTOR, LLC'S ANSWER TO CONTINENTAL CIRCUITS LLC AND
CONTINENTAL CIRCUITS OF TEXAS LLC'S
<u>COMPLAINT, AND COUNTERCLAIMS</u>**

Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc.

("SEA"), Samsung Semiconductor, Inc. ("SSI"), and Samsung Austin Semiconductor, LLC

("SAS") (collectively, "Samsung"), through their counsel, hereby respond to the Complaint for

Patent Infringement ("Complaint") of Plaintiffs Continental Circuits LLC and Continental Circuits

of Texas LLC ("Continental" or "Plaintiffs").   Samsung denies the allegations and

characterizations in the Complaint unless expressly admitted in the following paragraphs.

Samsung's specific responses to the numbered allegations of the Complaint are in the below

numbered paragraphs as follows.

## PARTIES

1.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore denies them.

2.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies them.

3.      SEC admits that SEC is a corporation organized and existing under the laws of the Republic of Korea with its headquarters at 129 Samsung-Ro, Yeongtong-Gu, Suwon, Gyeonggi-Do, Korea.  Except as expressly admitted, Samsung denies the allegations in paragraph 3 of the Complaint.

4.      SEA admits that SEA is a New York corporation with a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. SEA admits that it has an office located at 6625 Excellence Way, Plano, Texas 75023.  SEA admits that it may be served with process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.  Except as expressly admitted, SEA denies the allegations in paragraph 4 of the Complaint.

5.      SSI admits that SSI is a California corporation with a principal place of business at 3655 North First Street, San Jose, California, 95134.  SSI admits that it may be served with process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.  Except as expressly admitted, SSI denies the allegations in paragraph 5 of the Complaint.

6.      SAS admits that SAS is a Delaware corporation with a principal place of business at 12100 Samsung Boulevard, Austin, Texas 78754.  SAS admits that it may be served with process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas

75201-3136.  Except as expressly admitted, Samsung denies the allegations in paragraph 6 of the Complaint.

7.       Samsung admits that SEA is a wholly-owned subsidiary of SEC, that SSI is a wholly-owned subsidiary of SEA, and that SAS is a wholly-owned subsidiary of SSI.  Except as expressly admitted, Samsung denies the allegations in paragraph 7 of the Complaint.

8.       SEA and SSI admit that they have offered to sell products to actual or potential customers located in the Eastern District of Texas.  Except as expressly admitted, Samsung denies the allegations in paragraph 8 of the Complaint.

9.       Samsung admits that certain Samsung-branded products are sold at Best Buy, 422 West TX-281 Loop, Suite 100, Longview, Texas 75605; AT&T Store, 1712 East Grand Avenue, Marshall, Texas 75670; Sprint Store, 1806 East End Boulevard North, Suite 100, Marshall, Texas 75670; T-Mobile, 900 East End Boulevard North, Suite 100, Marshall, Texas 75670; Victra, 1006 East End Boulevard, Marshall, Texas 75670; and Cricket Wireless retailer, 120 East End Boulevard South, Marshall, Texas 75670.  Except as expressly admitted, Samsung denies the allegations in paragraph 9 of the Complaint.

## **JURISDICTION**

10.      Samsung admits that this is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*  Samsung admits that this Court has subject matter jurisdiction over the allegations as pleaded under 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, Samsung denies the allegations in paragraph 10 of the Complaint.

11.      Samsung admits, for the purposes of this action only, that this Court may exercise personal jurisdiction over SEC, SEA, SSI, and SAS. Except as expressly admitted, Samsung denies the allegations in paragraph 11 of the Complaint.

12.     Samsung admits, for the purposes of this action only, that SEC, SEA, SSI, and SAS are subject to this Court's jurisdiction. Except as expressly admitted, Samsung denies the allegations in paragraph 12 of the Complaint.

13.     Samsung admits, for the purposes of this action only, that venue is proper for SEC and SEA.  Samsung denies that this venue is convenient or in the interests of justice under 28 U.S.C. § 1404(a).  Samsung also denies that SSI and SAS have a regular and established place of business in this Judicial District as required under 28 U.S.C. § 1400(b).  Except as expressly admitted, Samsung denies the allegations in paragraph 13 of the Complaint.

## PATENTS-IN-SUIT

14. Samsung admits that, according to the face of United States Patent No. 7,501,582 (the "'582 Patent"), the '582 Patent issued on March 10, 2009, and is entitled "Electrical Device and Method for Making Same."  Samsung admits that the document at https://pdfpiw.uspto.gov/.piw?Docid=07501582 purports to be a copy of the '582 Patent.  Except as expressly admitted, Samsung denies the allegations in paragraph 14 of the Complaint.

15. Samsung admits that, according to the face of United States Patent No. 8,278,560 (the "'560 Patent"), the '560 Patent issued on October 2, 2012, and is entitled "Electrical Device with Teeth Joining Layers and Method for Making the Same." Samsung admits that the document at https://pdfpiw.uspto.gov/.piw?Docid=08278560 purports to be a copy of the '560 Patent.  Except as expressly admitted, Samsung denies the allegations in paragraph 15 of the Complaint.

16. Samsung admits that, according to the face of United States Patent No. 8,581,105 (the "'105 Patent"), the '105 Patent issued on November 12, 2013, and is entitled "Electrical Device with Teeth Joining Layers and Method for Making the Same." Samsung admits that the document at https://pdfpiw.uspto.gov/.piw?Docid=08581105 purports to be a copy of the '105 Patent.  Except as expressly admitted, Samsung denies the allegations in paragraph 16 of the Complaint.

17. Samsung admits that, according to the face of United States Patent No. 9,374,912 (the "'912 Patent"), the '912 Patent issued on June 21, 2016, and is entitled "Electrical Device with Teeth Joining Layers and Method for Making the Same." Samsung admits that the document at https://pdfpiw.uspto.gov/.piw?Docid=09374912 purports to be a copy of the '912 Patent.  Except as expressly admitted, Samsung denies the allegations in paragraph 17 of the Complaint.

18. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies them.

19. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, denies them.

## FACTUAL ALLEGATIONS

20. Samsung admits that, according to the face of '582, '560, '105, and '912 Patents, Brian McDermott, Daniel McGown, Ralph Leo Spotts, Jr., and Sid Tryzbiak are

the named inventors.  Except as expressly admitted, Samsung denies the allegations

in paragraph 20 of the Complaint.

21. Denied.

22. Samsung admits that the website https://www.samsung.com/semiconductor/minisite/exynos/products/all-processors/ states, "Exynos 8895 … Application Smartphone, Tablet." Samsung admits that the website https://www.samsung.com/semiconductor/minisite/exynos/products/mobileprocessor/exynos-9-series-8895/ states various information about the Exynos 8895 mobile processor.  Except as expressly admitted, Samsung denies the allegations in paragraph 22 of the Complaint.

## COUNT I
### (Infringement of the '582 Patent)

23.  Samsung incorporates by reference its responses contained in paragraphs 1 through 22, as if fully set forth herein.

24. Samsung admits that Continental has not directly licensed Samsung to make, use, offer for sale, sell, or import any products that embody the inventions of the '582 Patent.  Except as expressly admitted, Samsung denies the allegations in paragraph 24 of the Complaint.

25. Denied.

26. Denied.

27. The allegations in paragraph 27 of the Complaint express legal conclusions and thus no response is required. To the extent that a response is required, Samsung denies all remaining allegations in paragraph 27.

6

28.     The allegations in paragraph 28 of the Complaint express legal conclusions and thus no response is required. To the extent that a response is required, Samsung denies all remaining allegations in paragraph 28.

29.     The allegations in paragraph 29 of the Complaint express legal conclusions and thus no response is required. To the extent that a response is required, Samsung denies all remaining allegations in paragraph 29.

30.     The allegations in paragraph 30 of the Complaint express legal conclusions and thus no response is required. To the extent that a response is required, Samsung denies all remaining allegations in paragraph 30.

31.     Denied.

## COUNT II
## (Infringement of the '560 Patent)

32.     Samsung incorporates by reference its responses contained in paragraphs 1 through 22, as if fully set forth herein.

33.     Samsung admits that Continental has not directly licensed Samsung to make, use, offer for sale, sell, or import any products that embody the inventions of the '560 Patent.  Except as expressly admitted, Samsung denies the allegations in paragraph 33 of the Complaint.

34.     Denied.

35.     Denied.

36.     The allegations in paragraph 36 of the Complaint express legal conclusions and thus no response is required. To the extent that a response is required, Samsung denies all remaining allegations in paragraph 36.

37.     Denied.

## COUNT III
### (Infringement of the '105 Patent)

38.     Samsung incorporates by reference its responses contained in paragraphs 1 through 22, as if fully set forth herein.

39.     Samsung admits that Continental has not directly licensed Samsung to make, use, offer for sale, sell, or import any products that embody the inventions of the '105 Patent.  Except as expressly admitted, Samsung denies the allegations in paragraph 39 of the Complaint.

40.     Denied.

41.     Denied.

42.     The allegations in paragraph 42 of the Complaint express legal conclusions and thus no response is required. To the extent that a response is required, Samsung denies all remaining allegations in paragraph 42.

43.     The allegations in paragraph 43 of the Complaint express legal conclusions and thus no response is required. To the extent that a response is required, Samsung denies all remaining allegations in paragraph 43.

44.     The allegations in paragraph 44 of the Complaint express legal conclusions and thus no response is required. To the extent that a response is required, Samsung denies all remaining allegations in paragraph 44.

45.     Denied.

## COUNT IV
### (Infringement of the '912 Patent)

46.     Samsung incorporates by reference its responses contained in paragraphs 1 through 22, as if fully set forth herein.

47.     Samsung admits that Continental has not directly licensed Samsung to make, use, offer for sale, sell, or import any products that embody the inventions of the '912 Patent.  Except as expressly admitted, Samsung denies the allegations in paragraph 47 of the Complaint.

48.     Denied.

49.     Denied.

50.     The allegations in paragraph 50 of the Complaint express legal conclusions and thus no response is required. To the extent that a response is required, Samsung denies all remaining allegations in paragraph 50.

51.     Denied.

## RESPONSE TO JURY DEMAND

Plaintiffs' demand for a jury trial does not require a response by Samsung.  Samsung also requests a jury trial of all issues triable to a jury in this action.

## PRAYER FOR RELIEF

Samsung denies that Plaintiff is entitled to any of the requested relief and denies any and all allegations contained within the Prayer for Relief of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, Samsung contends and asserts the following affirmative and other defenses in response to the allegations in the Complaint.  By asserting these affirmative defenses, Samsung does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear.  In addition to the affirmative and other defenses described below, and subject to the responses above, Samsung intends to conduct discovery and specifically reserves all rights to assert additional affirmative and other defenses, including inequitable conduct, consistent with the facts that become known through the course of discovery or otherwise.

## FIRST DEFENSE
## NON-INFRINGEMENT OF THE '582 PATENT

Samsung has not infringed and does not infringe (either literally or under the doctrine of equivalents) any valid and enforceable claim of the '582 Patent under any theory of infringement.

## SECOND DEFENSE
## NON-INFRINGEMENT OF THE '560 PATENT

Samsung has not infringed and does not infringe (either literally or under the doctrine of equivalents) any valid and enforceable claim of the '560 Patent under any theory of infringement.

## THIRD DEFENSE
## NON-INFRINGEMENT OF THE '105 PATENT

Samsung has not infringed and does not infringe (either literally or under the doctrine of equivalents) any valid and enforceable claim of the '105 Patent under any theory of infringement.

## FOURTH DEFENSE
## NON-INFRINGEMENT OF THE '912 PATENT

Samsung has not infringed and does not infringe (either literally or under the doctrine of equivalents) any valid and enforceable claim of the '912 Patent under any theory of infringement.

## FIFTH DEFENSE
## INVALIDITY OF THE '582 PATENT

The '582 Patent is invalid because the alleged invention(s) therein fail to satisfy the conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SIXTH DEFENSE
## INVALIDITY OF THE '560 PATENT

The '560 Patent is invalid because the alleged invention(s) therein fail to satisfy the conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SEVENTH DEFENSE
## INVALIDITY OF THE '105 PATENT

The '105 Patent is invalid because the alleged invention(s) therein fail to satisfy the conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## EIGHTH DEFENSE
## INVALIDITY OF THE '912 PATENT

The '912 Patent is invalid because the alleged invention(s) therein fail to satisfy the conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## NINTH DEFENSE
## LIMITATION OF LIABILITY FOR INDIRECT INFRINGEMENT

As noted in Samsung's First through Fourth Affirmative Defenses, Samsung has not infringed and does not infringe any valid and enforceable claim of the '582, '560, '105, and '912 Patents.

Additionally, to the extent that Plaintiff at some point in the future asserts that Samsung indirectly infringed the '582, '560, '105, or '912 Patents, either by contributory infringement or inducement of infringement, Samsung is not liable to Plaintiffs for the acts alleged to have been performed before Samsung had knowledge of the claims of the '582, '560, '105, or '912 Patents and/or could form the intent to cause infringement.

## TENTH DEFENSE
## PROSECUTION HISTORY ESTOPPEL / DISCLAIMER

By reason of the prior art and/or statements, admissions, actions, representations, and/or other conduct made to the U.S. Patent and Trademark Office during prosecution of the applications that led to the issuance of the '582, '560, '105, or '912 Patents, the claims are so limited that they cannot properly be construed as covering any activity or product of Samsung.

**ELEVENTH DEFENSE**
**TIME LIMIT ON DAMAGES**

Plaintiffs are barred in whole or in part from recovering damages under 35 U.S.C. §§ 286, 287, and/or 288, and/or 28 U.S.C. § 1498 for any allegedly infringing actions occurring more than six years prior to the date of the filing of its original complaint as there is affirmatively no law that otherwise provides for Plaintiffs to recover damages prior to this date.

**TWELVTH DEFENSE**
**LIMITATIONS ON DAMAGES, MARKING, and NOTICE**

Plaintiffs are barred in whole or in part from recovering damages under 35 U.S.C. §§ 286 and 287.

**THIRTEENTH DEFENSE**
**NOT AN EXCEPTIONAL CASE**

Plaintiffs are not entitled to a finding that this case is exceptional or to attorneys' fees under 35 U.S.C. § 285, or pursuant to this Court's inherent power.

**FOURTEENTH DEFENSE**
**EQUITABLE DEFENSES**

Plaintiffs' claims for relief are barred or limited in whole or in part by equitable defenses, including waiver, implied waiver, estoppel, and/or unclean hands.

**FIFTEENTH DEFENSE**
**LACK OF STANDING**

Plaintiffs have not established that it holds all rights, title, and interest in the '582, '560, '105, and '912 Patents, and absent establishing such interest, Plaintiffs lack standing to assert the allegations contained in the Complaint.

## SIXTEENTH DEFENSE
## LICENSE

On information and belief, Plaintiffs' claims for relief are barred because Samsung is entitled to the benefit of a license, expressly or impliedly, under one or more of the '582, '560, '105, and '912 Patents.

## SEVENTEENTH DEFENSE
## PATENT EXHAUSTION

Plaintiffs' claims for relief are barred with respect to any products purchased from or manufactured by any licensee to any of the '582, '560, '105, and '912 Patents, as a result of patent exhaustion.

## EIGHTEENTH DEFENSE
## FAILURE TO STATE A CLAIM

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## COUNTERCLAIMS

Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), Samsung Semiconductor, Inc. ("SSI"), and Samsung Austin Semiconductor, LLC ("SAS") (collectively, "Samsung"), through their counsel, hereby assert the following Counterclaims against Plaintiffs and Counterclaim Defendants Continental Circuits LLC and Continental Circuits of Texas LLC ("Continental" or "Plaintiffs"):

## PARTIES

1.      SEC is a South Korean entity with its principal place of business at 129, Samsung-Ro, Yeongtong-Gu, Suwon, Gyeonggi-Do, Korea.

2.      SEA is a New York entity with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

3.      SSI is a California entity with its principal place of business at 3655 North First Street, San Jose, California 95134.

4.      SAS is a Delaware entity with its principal place of business at 12100 Samsung Boulevard, Austin, Texas 78754.

5.      On information and belief, Continental Circuits LLC is a limited liability company organized and existing under the laws of the State of Arizona, with its principal place of business located at 16800 East El Lago Boulevard, Unit 2042, Fountain Hills, Arizona 85268.

6.      On information and belief, Continental Circuits of Texas LLC is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 100 W. Houston Street, Marshall, Texas 75670.

<u>**JURISDICTION AND VENUE**</u>

7.       This is a claim for declaratory judgment of noninfringement and invalidity of U.S. Patent Nos. 7,501,582 (the "'582 Patent"), 8,278,560 (the "'560 Patent"), 8,581,105 (the "'105 Patent"), and 9,374,912 (the "'912 Patent").

8.      This Court has jurisdiction over Samsung's Declaratory Judgment claims pursuant to 28 U.S.C. §§ 2201 and 2202 and subject matter jurisdiction over patent infringement and validity pursuant to 28 U.S.C. §§ 1331, 1367, and 1338(a).   An actual, substantial, and continuing justiciable controversy exists between Samsung and Continental based on Continental having filed its Complaint alleging that Samsung has infringed the '582, '560, '105, and '912 Patents, with respect to which Samsung requires a declaration of its rights by this Court.   Specifically, the controversy concerns the invalidity and non-infringement of the '582, '560, '105, or '912 Patents, and the right of Continental to maintain suit for alleged infringement of the '582, '560, '105, or '912 Patents.

9.      The Court has personal jurisdiction over Continental because, *inter alia*, Continental has submitted to the personal jurisdiction of this Court by bringing the present action through filing its Complaint.

10.      Venue is proper in this District as to these Counterclaims pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because, *inter alia*, Continental has submitted to the venue of this Court by filing its Complaint here.  However, Samsung reserves the right to move to transfer venue in the underlying action to a more convenient judicial district irrespective of the allegations in these Counterclaims.

## COUNT I
## NON-INFRINGEMENT OF THE '582 PATENT

11.      Samsung restates and incorporates by reference the allegations contained in the foregoing paragraphs, as if fully set forth herein.

12.      Samsung does not infringe and has not infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents any valid claim of the '582 Patent, under any theory of infringement.

13.      An actual case or controversy exists between Samsung and Continental based on Continental having filed its Complaint against Samsung alleging infringement of the '582 Patent.

14.      Samsung has been injured and damaged by Continental filing its Complaint asserting a patent that Samsung does not infringe.

15.      Samsung, therefore, seeks a declaration that it does not infringe and has not infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents any valid and enforceable claim of the '582 Patent.

16.      This is an exceptional case entitling Samsung to an award of its attorneys' fees incurred in connection with the present action pursuant to 35 U.S.C. § 285.

## COUNT II
## NON-INFRINGEMENT OF THE '560 PATENT

17.     Samsung restates and incorporates by reference the allegations contained in the foregoing paragraphs, as if fully set forth herein.

18.     Samsung does not infringe and has not infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents any valid claim of the '560 Patent, under any theory of infringement.

19.     An actual case or controversy exists between Samsung and Continental based on Continental having filed its Complaint against Samsung alleging infringement of the '560 Patent.

20.     Samsung has been injured and damaged by Continental filing its Complaint asserting a patent that Samsung does not infringe.

21.     Samsung, therefore, seeks a declaration that it does not infringe and has not infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents any valid and enforceable claim of the '560 Patent.

22.     This is an exceptional case entitling Samsung to an award of its attorneys' fees incurred in connection with the present action pursuant to 35 U.S.C. § 285.

## COUNT III
## NON-INFRINGEMENT OF THE '105 PATENT

23.     Samsung restates and incorporates by reference the allegations contained in the foregoing paragraphs, as if fully set forth herein.

24.     Samsung does not infringe and has not infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents any valid claim of the '105 Patent, under any theory of infringement.

25.     An actual case or controversy exists between Samsung and Continental based on Continental having filed its Complaint against Samsung alleging infringement of the '105 Patent.

26.     Samsung has been injured and damaged by Continental filing its Complaint asserting a patent that Samsung does not infringe.

27.     Samsung, therefore, seeks a declaration that it does not infringe and has not infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents any valid and enforceable claim of the '105 Patent.

28.     This is an exceptional case entitling Samsung to an award of its attorneys' fees incurred in connection with the present action pursuant to 35 U.S.C. § 285.

**COUNT IV**
**NON-INFRINGEMENT OF THE '912 PATENT**

29.     Samsung restates and incorporates by reference the allegations contained in the foregoing para-graphs, as if fully set forth herein.

30.     Samsung does not infringe and has not infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents any valid claim of the '912 Patent, under any theory of infringement.

31.     An actual case or controversy exists between Samsung and Continental based on Continental having filed its Complaint against Samsung alleging infringement of the '912 Patent.

32.     Samsung has been injured and damaged by Continental filing its Complaint asserting a patent that Samsung does not infringe.

33.     Samsung, therefore, seeks a declaration that it does not infringe and has not infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents any valid and enforceable claim of the '912 Patent.

34.     This is an exceptional case entitling Samsung to an award of its attorneys' fees incurred in connection with the present action pursuant to 35 U.S.C. § 285.

**COUNT V**
**INVALIDITY OF THE  '582 PATENT**

35.     Samsung restates and incorporates by reference the allegations contained in the foregoing paragraphs, as if fully set forth herein.

36.     The '582 Patent is invalid because the alleged invention(s) therein fail to satisfy the conditions for patentability under 35 U.S.C. §§ 101 *et seq.*, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

37.     An actual case or controversy exists between Samsung and Continental based on Continental having filed its Complaint against Samsung alleging infringement of the '582 Patent.

38.     Samsung has been injured and damaged by Continental filing its Complaint asserting an invalid patent.

39.     Samsung, therefore, seeks a declaration that the '582 Patent is invalid for failing to comply with one or more of the requirements set forth under United States law, including, *inter alia*, 35 U.S.C. §§ 101, 102, 103, and/or 112.

40.     This is an exceptional case entitling Samsung to an award of its attorneys' fees incurred in connection with the present action pursuant to 35 U.S.C. § 285.

**COUNT VI**
**INVALIDITY OF THE '560 PATENT**

41.     Samsung restates and incorporates by reference the allegations contained in the foregoing paragraphs, as if fully set forth herein.

18

42.     The '560 Patent is invalid because the alleged invention(s) therein fail to satisfy the conditions for patentability under 35 U.S.C. §§ 101 *et seq.*, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

43.     An actual case or controversy exists between Samsung and Continental based on Continental having filed its Complaint against Samsung alleging infringement of the '560 Patent.

44.     Samsung has been injured and damaged by Continental filing its Complaint asserting an invalid patent.

45.     Samsung, therefore, seeks a declaration that the '560 Patent is invalid for failing to comply with one or more of the requirements set forth under United States law, including, *inter alia*, 35 U.S.C. §§ 101, 102, 103, and/or 112.

46.     This is an exceptional case entitling Samsung to an award of its attorneys' fees incurred in connection with the present action pursuant to 35 U.S.C. § 285.

## COUNT VII
## INVALIDITY OF THE '105 PATENT

47.     Samsung restates and incorporates by reference the allegations contained in the foregoing paragraphs, as if fully set forth herein.

48.     The '105 Patent is invalid because the alleged invention(s) therein fail to satisfy the conditions for patentability under 35 U.S.C. §§ 101 *et seq.*, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

49.     An actual case or controversy exists between Samsung and Continental based on Continental having filed its Complaint against Samsung alleging infringement of the '105 Patent.

50.     Samsung has been injured and damaged by Continental filing its Complaint asserting an invalid patent.

51.     Samsung, therefore, seeks a declaration that the '105 Patent is invalid for failing to comply with one or more of the requirements set forth under United States law, including, *inter alia*, 35 U.S.C. §§ 101, 102, 103, and/or 112.

52.     This is an exceptional case entitling Samsung to an award of its attorneys' fees incurred in connection with the present action pursuant to 35 U.S.C. § 285.

## COUNT VIII
## INVALIDITY OF THE '912 PATENT

53.     Samsung restates and incorporates by reference the allegations contained in the foregoing paragraphs, as if fully set forth herein.

54.     The '912 Patent is invalid because the alleged invention(s) therein fail to satisfy the conditions for patentability under 35 U.S.C. §§ 101 *et seq.*, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

55.     An actual case or controversy exists between Samsung and Continental based on Continental having filed its Complaint against Samsung alleging infringement of the '912 Patent.

56.     Samsung has been injured and damaged by Continental filing its Complaint asserting an invalid patent.

57.     Samsung, therefore, seeks a declaration that the '912 Patent is invalid for failing to comply with one or more of the requirements set forth under United States law, including, *inter alia*, 35 U.S.C. §§ 101, 102, 103, and/or 112.

58.     This is an exceptional case entitling Samsung to an award of its attorneys' fees incurred in connection with the present action pursuant to 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

Samsung demands a trial by jury on all triable issues.

## PRAYER FOR RELIEF

WHEREFORE, Samsung respectfully prays for:

A.       A judgment in favor of Samsung denying Continental all relief requested in its Complaint in the present action and dismissing Continental's Complaint for Patent Infringement with prejudice;

B.       A judgment in favor of Samsung on all of its Counterclaims;

C.       A declaration that Samsung has not infringed and does not infringe any valid claim of the '582, '560, '105 or '912 Patents;

D.       A declaration that the '582, '560, '105 and '912 Patents are invalid;

E.       A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to Samsung of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

F.       Such other and further relief as this Court deems just and proper.


Dated: October 12, 2021                    Respectfully submitted,


                                            /s/ Melissa R. Smith
                                            Ali R. Sharifahmadian, Esq.
                                            (District of Columbia Bar No. 480876)
                                            Ali.Sharifahmadian@arnoldporter.com
                                            ARNOLD & PORTER KAYE SCHOLER LLP
                                            601 Massachusetts Ave., NW
                                            Washington, DC  20001-3743
                                            Tel. (202) 942-5000
                                            Fax (202) 942-5999


                                            -and-

Melissa Smith
melissa@gillamsmithlaw.com
**GILLAM & SMITH LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd.,*
*Samsung Electronics America, Inc.,*
*Samsung Semiconductor, Inc., and*
*Samsung Austin Semiconductor, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2021, I electronically filed the foregoing Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, LLC's, Answer to Complaint, and Counterclaims, with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

*/s/ Melissa R. Smith*